**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| In re RANDY RAY FUGATE and DEBRA CASE FUGATE,  )<br>)<br>Debtors.  )<br>)  | Case No. 09-63133-LYN |

**MEMORANDUM AND ORDER**

This matter comes before the court on a motion by the United States trustee to dismiss this case under 11 U.S.C. § 707(b) as an abuse of the provisions of chapter 7 of the Bankruptcy Code. Randy Ray Fugate and Debra Case Fugate ("the Debtors") oppose the motion. The motion will be denied.

*Jurisdiction*

This court has jurisdiction over this matter. 28 U.S.C. §§ 1334(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52 which is made applicable in this contested matter by Fed. R. Bankr. P. 9014(c) and 7052.

*Facts*

On September 29, 2009, the Debtors filed a chapter 13 petition. On February 1, 2010, the Debtors filed an amended motion convert the case to chapter 7. Also on February 1, 2011, the motion was granted.

On April 19, 2010, the United States trustee filed the instant motion to dismiss this case under 11 U.S.C. § 707(b). On April 27, 2011, the matter came on for hearing before the court.

*Discussion.*

The motion is brought under 11 U.S.C. § 707(b)(1) which provides that "the court . . . may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . ." The United States trustee's motion to dismiss this case will be denied because Section 707(b) does not apply to this case because it has been converted from chapter 13 to chapter 7. See In re Dudley, 08-71561 (Bankr. E.D.Va. 2009) (Krumm, C.J.).

In Dudley, the debtor filed a petition under chapter 13 and subsequently converted the case to chapter 7. The Court analyzed the language quoted above from Section 707(b)(1) and concluded that the Plain Meaning Rule dictates that Section 707(b) only applies to cases filed under Chapter 7 and that cases converted to Chapter 7 from another chapter of the Bankruptcy Code do not fall within the scope of that subsection. The Court also concluded that the literal application of the language did not produce an absurd result and was not at odds with Congressional intent or the purposes of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.[1] This Court agrees with the reasoning and conclusion in Dudley.

---

[1] Pub.L.No. 109-8, 119 Stat. 23 (2005).

Accordingly, the motion of the United States trustee will be denied.[2]

*Conclusion*

It is not an abuse of the provisions of chapter 7 for the Debtors to prosecute this case under that chapter.

**ORDER**

The motion of the United States trustee to dismiss this case is hereby denied.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to the United States trustee, the chapter 7 trustee, and Mark Timothy Williams, Esq., counsel for the Debtors.

Entered on this 28th day of April, 2011.

_____
William E. Anderson
United States Bankruptcy Judge

---

[2] At the hearing on this matter, the parties asked to present evidence. The Court allowed the parties to do so, but when it became clear to the court that the evidence that the parties wished to present concerned the underlying merits of the motion to dismiss and did not concern the conversion issue as discussed in Dudley, the court terminated the hearing because any opinion by this court on the underlying merits would have constituted an advisory opinion.

3